UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARTIN CISNEROS,                )
                                )
    Plaintiff,                  )
                                )
    v.                          )  NO. 3:11-0804
                                )  Judge Campbell/Bryant
METRO NASHVILLE GENERAL         )
HOSPITAL, et al.,               )
                                )
    Defendants.                 )

TO: The Honorable Todd J. Campbell

**REPORT AND RECOMMENDATION**

Plaintiff Martin Cisneros, who is proceeding pro se and in forma pauperis, has filed his motion seeking leave to amend his complaint to assert a state law medical malpractice claim against defendants Moore and Nixon. Plaintiff asserts that medical malpractice by these two defendants caused him to lose his sight (Docket Entry No. 52).

Defendants Nixon, Moore and Teamhealth, Inc. have filed a response in opposition, asserting that plaintiff's motion for leave to amend should be denied as futile because (1) plaintiff's proposed medical malpractice claim is barred by the one-year statute of limitations, and (2) plaintiff has failed to comply with certain state statutes that establish requirements for filing a medical malpractice action in Tennessee.

Plaintiff Cisneros has filed a reply (Docket Entry No. 54), in which he argues (1) that he made the defendants aware of his complaints prior to filing his lawsuit, presumably by lodging informal complaints with defendants' representatives, and (2) that the "very strict malpractice laws, plus recent changes in the laws

that benefit the doctors" make it almost impossible for pro se litigants to assert medical malpractice claims.

## Analysis

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be freely given "when justice so requires."  One exception, however, to the liberal standard favoring amendment of pleadings is when the amendment, if granted, would be futile, or when the amended pleading could not withstand a motion to dismiss.  Head v. Jellico Housing Authority, 870 F.2d 1117, 1123 (6th Cir. 1989).

The statute of limitations for medical malpractice claims in Tennessee is one year.  T.C.A. section 29-26-116.  According to the proposed amended complaint, plaintiff Cisneros seeks to assert claims of medical malpractice against defendants Moore and Nixon arising from their treatment of him between February 21 and February 27, 2010 (Docket Entry No. 52).  Therefore, the last day that plaintiff could have filed a timely medical malpractice claim based upon these events would have been February 28, 2011 (since February 27, 2011, was a Sunday).  Plaintiff did not file this action until August 22, 2011, almost six months after the statute of limitations expired.  Therefore, even if plaintiff's proposed amendment were deemed to relate back to the filing of his original complaint, his medical malpractice claims would still be time-barred.

In addition, Tennessee Code Annotated section 29-26-121 provides that any person asserting a potential claim for medical

2

malpractice must give written notice of the potential claim to each healthcare provider who will be named as a defendant at least 60 days before the filing of a complaint based upon medical malpractice. Moreover, T.C.A. section 29-26-122 requires that, in any medical malpractice action in which expert testimony is required, the plaintiff must file with the complaint a certificate of good faith stating that the plaintiff has consulted with one or more experts who have provided a signed written statement confirming that they are competent to express an opinion in the case and that, based upon information available from medical records, there is a good faith basis to maintain the proposed medical malpractice action against the proposed defendants. It appears from the record that plaintiff Cisneros has failed to provide the required 60-day notice to the proposed defendants concerning his proposed medical malpractice claims, and that his proposed complaint fails to contain the required certificate of good faith in compliance with Tennessee law. See <u>Maliani v. Vanderbilt Univ. Med. Ctr.</u>, 2010 WL 4054268 (M.D. Tenn. Oct. 15, 2010).

For the foregoing reasons, the undersigned Magistrate Judge finds that plaintiff Cisneros's proposed amendment to assert a claim of medical malpractice against defendants Moore and Nixon is futile because, if the amendment were allowed, the claim could not withstand a motion to dismiss.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff Cisneros's motion to amend his

complaint (Docket Entry No. 52) should be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 26th day of January 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge