UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN CISNEROS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:11-0804 |
| ) | Judge Campbell/Bryant |
| METRO NASHVILLE GENERAL HOSPITAL) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

TO: The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

Defendants John Nixon, M.D., Wayne Moore, M.D., and TeamHealth, Inc. have filed their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim against these defendants upon which relief can be granted (Docket Entry No. 41). Plaintiff Cisneros has filed a response in opposition (Docket Entry No. 44).

For the reasons stated in this report and recommendation, the undersigned Magistrate Judge recommends that these defendants' motion to dismiss be granted and that the complaint against them be dismissed with prejudice.

## Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not

apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

2

**Summary of Plaintiff's Claim**

Plaintiff Martin Cisneros, who is proceeding pro se and in forma pauperis, has filed his complaint alleging violations of certain federal regulations promulgated under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.[1]

Plaintiff alleges that on or about February 20, 2010, he went to the Nashville General Hospital with complaints of severe pain in his right eye. He was allegedly seen there in the emergency room by defendant Dr. Moore, and Dr. Moore sent plaintiff home after giving him some eye drops. Plaintiff alleges that he returned to the hospital two or three days later with worse symptoms in his right eye, and that on this occasion he was seen by defendant Dr. Nixon. Plaintiff alleges that Dr. Nixon gave him the same medication for his eye, this time in ointment form. Plaintiff further claims that he returned to the Metro General Hospital emergency room for a third time two or three days later with much worse complaints regarding his right eye. Plaintiff alleges that, after a wait of more than two hours, defendant Dr. Moore had him escorted out of the hospital by employees of the Davidson County Sheriff's office. Plaintiff claims that by these actions the hospital, the physician contractor, TeamHealth, Inc. and their emergency room physicians, Dr. Moore and Dr. Nixon, violated the emergency care obligations imposed by the federal regulations listed in the complaint.

---

[1]The specific regulations listed in plaintiff's complaint are: 42 C.F.R. §§ 489.20, 489.24 and 489.53 and the civil enforcement provisions of section 1867 of the Social Security Act.

In his prayer for relief, plaintiff states that he would like to "pursue the civil enforcement provision of" the federal regulations under which he asserts his claims, would like the Court "to notify O.I.G." (presumably the Office of the Inspector General) and the "Office of Civil Rights" regarding this matter, that he would like the doctors involved to "answer for the damage and personal injury [he] suffered by their hand," and for Metro Nashville General Hospital "to treat all patients with concern and compassion regarding E. R. medical conditions." (Docket Entry No. 1 at 4).

### **Defendants' Motion to Dismiss**

The defendant physicians, Dr. Moore and Dr. Nixon, and TeamHealth, Inc. have filed their motion to dismiss pursuant to Rule 12(b)(6) on the ground that EMTALA and the regulations promulgated thereunder do not create a private cause of action by patients against physicians. In his response, plaintiff Cisneros states that he did not intend his complaint to be limited to EMTALA violations committed by Metro General Hospital, but also meant to assert claims of medical malpractice against Dr. Nixon and Dr. Moore. In addition, plaintiff asserts that the 1997 amendments to EMTALA, 42 United States Code Section 1395dd(d)(B)(1), provide for liability of physicians who violate obligations imposed by EMTALA on hospitals.

### **Analysis**

The Sixth Circuit has held that EMTALA imposes upon hospitals the following duties: (1) to provide "an appropriate medical screening examination within the capability of the

4

hospital's emergency department" to any individual who comes to the emergency department and seeks examination and treatment; and (2) if the hospital determines that the individual has an emergency medical condition, to stabilize the medical condition before transferring or discharging a patient. <u>Cleland v. Bronson Healthcare Group, Inc.</u>, 917 F.2d 266, 268 (6th Cir. 1990).

However, the Sixth Circuit, in a case of first impression, has held that EMTALA does not authorize a private right of action in favor of patients against physicians. <u>Moses v. Providence Hospital and Medical Centers, Inc.</u>, 561 F.3d 573, 587 (6th Cir. 2009). The court in the <u>Moses</u> case observed that other circuit courts that have considered the issue have held or opined that EMTALA does not authorize an action against an individual physician. <u>Id.</u> (citations to cases from other circuits omitted). In addition, the Sixth Circuit compared the civil enforcement provision under EMTALA with the government enforcement provision under the statute. The government enforcement provision, 42 U.S.C. § 1395dd(d)(1)(B), cited by plaintiff in his response, expressly authorizes the Department of Health and Human Services to commence actions for civil money penalties against any physician who commits certain violations of EMTALA. In contrast, the civil enforcement provision of the Act, 42 U.S.C. § 1395dd(d)(2)(A), states as follows:

> **Personal harm**. Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the

5

> State in which the hospital is located, and such equitable relief as is appropriate.

Comparing these two adjacent enforcement provisions, the Sixth Circuit noted that Congress clearly knew how to make individuals responsible under the statute, because it did so in the provision subjecting violators to federal enforcement. Given the contrast in these two consecutive subsections of the statute, the Sixth Circuit found that Congress's omission of any reference to individual physicians in the civil enforcement provision must have been intentional. Moses, 561 F.3d at 587. In reliance upon this authority, the undersigned Magistrate Judge finds that EMTALA and the regulations promulgated thereunder do not create a private cause of action in favor of plaintiff Cisneros against the defendant emergency room physicians or the emergency room physician contractor, TeamHealth, Inc.

Although plaintiff Cisneros in his response to this motion argues that he also seeks to assert state court medical malpractice claims against the defendant physicians and TeamHealth, the Court has denied his motion to amend his complaint to assert those claims on the grounds of futility, since these claims are barred both by the one-year statute of limitations on medical malpractice claims and also by plaintiff's failure to satisfy certain prerequisites required by Tennessee law as a condition to the filing of a medical malpractice claim (Docket Entry Nos. 58 and 69).

Based upon the foregoing authorities and considerations, the undersigned Magistrate Judge finds that the complaint fails to state a claim against defendants Moore, Nixon and TeamHealth, Inc. upon which relief can be granted and, therefore, that their motion to dismiss should be granted.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed on behalf of defendants Moore, Nixon and TeamHealth, Inc. should be **GRANTED** and that the complaint against them be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 27th day of March 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge