```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

MARTIN CISNEROS,                )
                                )
     Plaintiff,                 )
                                )
     v.                         )    NO. 3:11-0804
                                )    Judge Campbell/Bryant
METRO NASHVILLE GENERAL HOSPITAL)
et al.,                         )
                                )
     Defendants.                )
TO: The Honorable Todd J. Campbell
```

### REPORT AND RECOMMENDATION

Defendant Jason Boyd has filed his motion to dismiss pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure (Docket Entry No. 62). As grounds for this motion, defendant Boyd asserts insufficient service of process and failure to state a claim against him upon which relief can be granted.

Plaintiff Cisneros has filed a response in opposition (Docket Entry No. 67).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendant Boyd's motion to dismiss be granted and that the complaint against him be dismissed with prejudice.

### Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not

apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

2

## Summary of Pertinent Allegations

Plaintiff Cisneros has filed his complaint alleging violations of certain federal regulations promulgated pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. The specific regulations identified in the complaint are: 42 C.F.R. §§ 489.20, 489.24 and 489.53 and the civil enforcement provisions of section 1867 of the Social Security Act.

The complaint alleges that plaintiff Cisneros went to the Metro Nashville General Hospital on or about February 20, 2010, with complaints of severe pain in his right eye. He allegedly was seen in the emergency room by defendant Dr. Moore, who sent plaintiff home with eye drops. Plaintiff asserts that he returned to the hospital two or three days later with worsening symptoms regarding his right eye and, on that occasion, was seen in the ER by defendant Dr. Nixon. Plaintiff claims that Dr. Nixon gave him the same medication for his right eye, this time in ointment form.

Plaintiff asserts that he again returned to the hospital two or three days thereafter with complaints of a further deterioration in the condition of his right eye. Describing this third visit, plaintiff's complaint states: "After complaining of eye pain, after what seemed to be 2+ hours and after having been previously in E.R. twice in a week, Dr. Moore had me escorted out of the hospital by D.C.S.O. [Davidson County Sheriff's office]." Plaintiff alleges that from these facts "[i]t is clear this hospital and its subcontracting partner TeamHealth and their E.R. Drs. Moore and Nixon violated the emergency care obligations" contained in the federal regulations listed above.

Defendant Jason Boyd is identified in the caption of plaintiff's complaint as the CEO of General Hospital, but his name does not appear elsewhere in the document. Significantly, defendant Boyd is not alleged to have committed any acts of wrongdoing nor does plaintiff mention him in any of the prayers for relief.

## **Analysis**

EMTALA requires a hospital participating in the Medicare program (1) to provide "an appropriate medical screening examination" to any individual who seeks treatment from the hospital's emergency department and, (2) if the hospital determines that the individual has an "emergency medical condition," to stabilize the medical condition before transferring or discharging the patient. Cleland v. Bronson Health Care Group, Inc., 917 F.2d 266, 268 (6th Cir. 1990) (citing 42 U.S.C. §§ 1395dd(a), (b)(1) and (c)(1)).

The civil enforcement provision of EMTALA, 42 U.S.C. § 1395dd(d)(2)(A) provides as follows:

> **Personal harm**. Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

Thus, while the statute affords a civil remedy against a "participating hospital" in favor of a patient who has suffered personal injury as a result of the hospital's violation of a

requirement of EMTALA, this civil enforcement provision fails to contain authorization of a private cause of action against individual employees of the hospital or physicians. The Sixth Circuit has held, in a case of first impression, that although the foregoing statutory provision authorizes private suits against the participating hospital, "EMTALA does not authorize a private right of action against individuals." Moses v. Providence Hospital and Medical Centers, Inc., 561 F.3d 573, 587 (6th Cir. 2009).

In his response in opposition, plaintiff Cisneros states: "Jason Boyd the CEO of MNGH is in charge of the hospital from A to Z and every aspect of day to day operations within the hospital." (Docket Entry No. 67). Plaintiff attaches as exhibits unauthenticated copies of certain letters addressed to him from the hospital and letters addressed to defendant Boyd as CEO of the hospital from Centers for Medicare & Medicaid Services (Docket Entry No. 67 at 4-9). However, plaintiff fails to cite any legal authority for the proposition that the chief executive officer of a hospital is personally liable for acts or omissions within the hospital in the absence of evidence that the CEO participated in, or at least had knowledge of, such acts or omissions. Plaintiff has failed to allege that defendant Boyd participated in his emergency room visits in February 2010, or that defendant Boyd had any knowledge of these events until after they had occurred.

5

For the foregoing reasons, the undersigned Magistrate Judge finds that plaintiff has failed to state a claim against defendant Boyd upon which relief can be granted, and that, defendant Boyd's motion to dismiss should be granted on this ground.

Defendant Boyd also asserts the defense of insufficient service of process. Upon order of the Court (Docket Entry No. 5), the United States Marshal was directed to serve process on the defendants in this case. The record indicates that an alias summons was issued by the Clerk for defendant Boyd on September 20, 2011 (Docket Entry No. 9). The record further indicates that this summons was served by certified mail addressed to defendant Boyd at the hospital, and that it was signed for by an individual named "Victor Davis" on September 26, 2011 (Docket Entry No. 24 at 4). Mr. Davis is not otherwise identified in this record, but the Court presumes that he is an employee of the Metro General Hospital, where this mail was addressed.

Rule 4(e) of the Federal Rules of Civil Procedure provides that service of process upon an individual may be accomplished by delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age who resides there, or by delivering a copy of each to an agent authorized to receive service of process for the individual. Service of process may also be accomplished by any

means authorized by state law for serving a summons in an action brought in state courts of general jurisdiction.

There is no evidence in this record that defendant Boyd has authorized Victor Davis to accept service of process on his behalf. Therefore, service of defendant Boyd by mailing the summons and complaint to his place of employment does not satisfy the requirements of Rule 4(e) absent a showing that defendant Boyd personally received the summons and complaint. Since no such showing appears in this record, defendant is correct that the record fails to demonstrate sufficient service of process on defendant Boyd. Nevertheless, the Court possesses authority to cure this deficiency by requiring the U.S. Marshal to serve defendant Boyd personally. The undersigned Magistrate Judge, however, finds that such service would be futile because plaintiff's complaint is subject to dismissal for failure to state a claim against defendant Boyd upon which relief can be granted, as explained above.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant Boyd's motion to dismiss be **GRANTED** for failure to state a claim upon which relief can be granted and that the complaint against him be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this

Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 29th day of March 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge