IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARTIN CISNEROS )
)
v. ) NO. 3-11-0804
) JUDGE CAMPBELL
METRO NASHVILLE GENERAL )
HOSPITAL, et al. )

ORDER

Pending before the Court are two Reports and Recommendations of the Magistrate Judge (Docket Nos. 74 and 77), Objections filed by the Plaintiff (Docket Nos. 83 and 84), and a Response of Defendants Nixon, Moore and TeamHealth, Inc. (Docket No. 87). Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Reports and Recommendations, the Objections, and the file.

With regard to the Report and Recommendation at Docket No. 74, the Objections of the Plaintiff are overruled. As explained by the Magistrate Judge, the Emergency Medical Treatment and Active Labor Act ("EMTALA"), as interpreted by the Sixth Circuit Court of Appeals, does not provide for a private right of action against individual physicians.[1] Plaintiff's Motion to Amend having previously been denied,[2] the EMTALA claim is the only claim against Defendants Nixon, Moore and TeamHealth, Inc. Accordingly, the Motion to Dismiss of these Defendants (Docket No.

---

[1] *Moses v. Providence Hospital and Medical Centers, Inc.*, 561 F.3d 573, 587 (6th Cir. 2009).

[2] The Court notes that, even if the statute of limitations had not run on Plaintiff's medical malpractice claim, that claim is a state law claim over which, the federal claim against these Defendants having been dismissed, the Court would decline to exercise supplemental jurisdiction.

41) is GRANTED, and Plaintiff's claims against Defendants Nixon, Moore and TeamHealth, Inc. are DISMISSED.

With regard to the Report and Recommendation at Docket No. 77, the Objections of the Plaintiff are overruled. Again, the Court notes that the EMTALA, as interpreted by the Sixth Circuit Court of Appeals, does not provide for a private right of action against individuals such as Defendant Boyd. Therefore, regardless of whether service of process upon Defendant Boyd was insufficient, any claims against him under the EMTALA cannot stand. Defendant Boyd's Motion to Dismiss (Docket No. 62) is GRANTED, and Plaintiff's claims against Defendant Boyd are DISMISSED.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE