```
               UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

MARTIN CISNEROS,                )
                                )
    Plaintiff,                  )
                                )
    v.                          )   NO. 3:11-0804
                                )   Judge Campbell/Bryant
METRO NASHVILLE GENERAL HOSPITAL)
et al.,                         )
                                )
    Defendants.                 )

TO: The Honorable Todd J. Campbell

### REPORT AND RECOMMENDATION

Third-party defendants Emergency Coverage Corporation, John Nixon, M.D. and Wayne Moore, M.D. have moved to dismiss the third-party complaint for indemnity, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 104). Defendant and third-party plaintiff The Hospital Authority of the Metropolitan Government of Nashville and Davidson County d/b/a Metro Nashville General Hospital ("MNGH") has filed its response in opposition (Docket Entry No. 109).

This motion has been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 5).

For the reasons stated below, the undersigned recommends that third-party defendants' motion to dismiss be granted and the third-party complaint dismissed with prejudice.

### Statement of the Case

Plaintiff Martin Cisneros filed his complaint against defendants MNGH, Drs. Nixon and Moore and TeamHealth, Inc. alleging

that defendants violated the provisions of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Specifically, plaintiff alleges that defendants failed to provide him an appropriate medical screening examination when he sought treatment for right eye pain at the MNGH emergency department in February 2010.

The Court thereafter granted a motion to dismiss filed by defendants Moore, Nixon and TeamHealth, Inc. upon a finding that EMTALA, as interpreted by the Sixth Circuit Court of Appeals, does not provide for a private right of action against defendant physicians (Docket Entry No. 88).

MNGH thereafter filed its third-party complaint for indemnity against Drs. Nixon and Moore and Emergency Coverage Corporation (Docket Entry No. 92). By this pleading, MNGH seeks indemnification for any amount it may be required to pay to plaintiff Cisneros in the underlying EMTALA action, plus fees and costs.

Third-party defendants have moved to dismiss the third-party complaint for failure to state a claim.

### **Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched

2

as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

## Analysis

This motion squarely presents the issue whether a hospital may obtain common-law indemnification from individual physicians for amounts the hospital is required to pay to patients as a result of violations of the provisions of EMTALA. The parties have cited no case in which the Sixth Circuit Court of Appeals has considered this precise issue, and the undersigned Magistrate Judge, after research, is unaware of such a case.

The allegations of the third-party complaint, accepted as true for purposes of this report and recommendation, state that MNGH contracted with Emergency Coverage Corporation to supply physicians to staff the MNGH Emergency Department and render emergency medical services to patients who sought treatment there. This contract (Docket Entry No. 92-1) contained no explicit indemnification provision. Emergency Coverage Corporation employed or contracted with Drs. Nixon and Moore to provide physician

3

coverage to the MNGH Emergency Department. These two physicians saw plaintiff Cisneros during his visits to the MNGH Emergency Department in February 2010, and the acts and omissions of these physicians form the basis of plaintiff's allegations of EMTALA violations against defendant MNGH.

As previously discussed in this record (Docket Entry Nos. 74 and 88), the Sixth Circuit Court of Appeals has held that EMTALA does not authorize a private right of action in favor of patients against physicians. <u>Moses v. Providence Hospital and Medical Centers, Inc.</u>, 561 F.3d 573, 587 (6th Cir. 2009). In <u>Moses</u>, the Sixth Circuit analyzed EMTALA and found that "Congress' omission of any reference to individuals in the civil enforcement provision must have been intentional." <u>Id.</u> Moreover, the Court examined the legislative history of EMTALA and concluded that "the legislative history reveals an intent to preclude private suits against individuals." <u>Id.</u>

Under Tennessee law, indemnification requires the complete shifting of liability for loss from one person to another. <u>Time & Security Mgmt., Inc. v. Pittway Corp.</u>, 422 F.Supp.2d 907, 913 (W.D. Tenn. 2006) (citing <u>Winter v. Smith</u>, 914 S.W. 2d 527, 541 (Tenn. Ct. App. 1995)). Thus, MNGH seeks to shift completely its liability for an alleged statutory violation to the individual physicians through the vehicle of common-law indemnification. The undersigned Magistrate Judge concludes that such result would be an anomalous outcome and a circumvention of the statutory scheme as determined by the Sixth Circuit in <u>Moses</u>.

In analogous cases, courts have refused to allow parties to accomplish indirectly what they could not accomplish directly. In <u>Donham v. United States</u>, 536 F.2d 765 (8th Cir. 1976), a National Guard pilot sought to recover from a component manufacturer for injuries he sustained when he was forced to eject from his jet aircraft. This case on appeal presented the issue under the Federal Tort Claims Act ("FTCA"): Whether the United States, which is immune to liability for its negligent conduct producing injury and damages to an on-duty serviceman, may nevertheless be obligated to pay the amount of such damages through a claim for tort indemnity asserted by a third party who becomes liable for tort damages to that serviceman. In rejecting the indemnification claim asserted by the defendant manufacturer of the ejection system, the court stated, "we think it would be anomalous to insulate the United States from claims of a serviceman for recovery of tort damages for service-incurred injuries but authorize a third party in the position of [the defendant manufacturer] to force the United States to indirectly pay those damages." <u>Donham</u>, 536 F.2d at 770.

In <u>Eagle-Picher Industries, Inc. v. United States</u>, 846 F.2d 888 (3rd Cir. 1988), a manufacturer of asbestos-based products brought a claim under the FTCA against the United States seeking indemnity or contribution for payment made to a sheet metal worker employed by the United States Navy for asbestos-related injury. The Court found that Congress excluded federal employees from the coverage of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), which imposed liability on the plaintiff asbestos manufacturer, and that to allow the manufacturer to obtain judgment

5

against the United States by indemnification would allow federal employees to accomplish indirectly what they were prohibited from accomplishing directly. In rejecting the claim for indemnity, the court stated as follows:

> Any other construction of the LHWCA would subject the United States to liability for harm to its employees under a statute that from its inception has barred government employees from its coverage. [citation omitted]. This express Congressional exclusion of federal workers from LHWCA coverage precludes Eagle-Picher from using the FTCA to accomplish indirectly what federal employees could not accomplish directly.

Eagle-Picher Industries, Inc., 846 F.2d at 894. Analogizing the holdings in these cases to the instant case, the undersigned Magistrate Judge finds that if MNGH were permitted to recover indemnification from the third-party physician defendants, then the hospital would have been allowed to accomplish indirectly what EMTALA does not permit directly.

Other courts, while not considering this specific issue, nevertheless have distinguished between indemnification or comparative fault based upon negligence and claims based upon a violation of EMTALA. For example, hospitals have been permitted to seek indemnification from physicians based upon their negligence, while claims against the hospital based upon EMTALA have not been the subject of indemnity. See, e.g., Siemen v. Huron Medical Center, 1012 WL 909820 (E.D. Mich. Mar. 16, 2012); Nieves v. Hospital Metropolitano, 998 F.Supp. 127 (D. Puerto Rico 1998); Griffith v. Mt. Carmel Medical Center, 842 F.Supp. 1359 (D. Kan. 1994). In Griffith, the court explained its refusal to apply

6

Kansas comparative fault law to a hospital's liability under EMTALA as follows:

> A hospital's liability under EMTALA is not grounded upon tort concepts. An EMTALA plaintiff's claim does not rest upon any proof that the hospital was negligent; it is predicated upon the hospital's violation of a *federal* statute making the hospital strictly liable for any "personal harm" that "directly results" from that violation. 42 U.S.C. § 1395dd(d)(2)(A). . . . The fact that § 1395dd(d)(2)(A) allows recovery of *damages* available under state law does not transform the liability portions of the statute into a negligence or tort-based statute. The court adheres to its refusal to apply Kansas comparative fault to Mt. Carmel's liability under EMTALA.

Griffith, 842 F.Supp. at 1365.

In its response in opposition to third-party defendants' motion, MNGH relies upon the unpublished decision of McDougal v. Lafourche Hospital Service District No. 3, 1993 WL 185647 (E.D. La. May 24, 1993). The court in this decision finds that a hospital may seek indemnification from an individual physician whose acts or omissions allegedly exposed the hospital to liability under EMTALA. The court cited the lack of any controlling authority and found that there was no "direct conflict" on the issue of indemnification "because the Act is silent." McDougal, 1993 WL 185647 at *1. With due respect to a sister district court, the undersigned finds that that court's analysis of this issue consists of two brief paragraphs and is not persuasive.

For the reasons stated above, the undersigned Magistrate Judge finds (1) that, as determined by the Sixth Circuit, Congress intentionally declined to provide a private cause of action against

7

the physicians for violations of EMTALA and (2) that to allow a hospital to recover indemnification from those same physicians would cause an anomalous outcome and permit a hospital to accomplish indirectly what their patients are not permitted to accomplish directly. For this reason, the undersigned finds that the third-party defendants' motion to dismiss should be granted.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the motion to dismiss of the third-party defendants be GRANTED and the third-party complaint for indemnification DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 5th day of March 2013.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge